**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LADARRYL HOUSE, #S06245,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 3:21-cv-01050-SMY** |
| | ) | |
| **ROB JEFFREYS,** | ) | |
| **ANTHONY WILLS,** | ) | |
| **LT. LEE,** | ) | |
| **SGT. LINDSEY,** | ) | |
| **JOHN DOE Intel Officer(s),** | ) | |
| **JOHN DOE Placement Officer,** | ) | |
| **JOHN DOE West House 4 Gallery Officer,** | ) | |
| **JOHN DOE Dietary Supervisor,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff LaDarryl House, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was assaulted by his cellmate on January 31, 2021. Prior to the assault, Plaintiff and his cellmate had verbal altercations on several occasions. Plaintiff made several requests to the Placement Officer to be moved but his letters went unanswered. Plaintiff wrote a letter to Counselor Phelps requesting to

be moved and was told he had to made the request through the Placement Office but that due to COVID-19, "everything is messed up."   He spoke with mental health worker Ms. Scott regarding his living conditions and being moved but was told it was not a mental health issue.  She told him to write to Ms. Morris regarding his issue.  When he wrote to Ms. Morris, she responded that it was not a mental health issue and that he should write to Placement or go to protective custody.

Due to overcrowding at Menard, there has been a breakdown in the inmate classification system that has resulted in inmates, including Plaintiff, being celled with inmates who are not compatible.  The Placement Office screens potential cellmates for compatibility.  Plaintiff was celled with an inmate who was classified incorrectly.  His cellmate was taller and weighed approximately 100 pounds more than him, which violates placement classification rules, policies, and procedures.  The Placement Officer failed to ensure Plaintiff's safety.

The Correctional Officer assigned to west cell house unit on 4 gallery on January 31, 2021 failed to follow Menard rules, policies, and procedures.  It is the duty of the gallery officer to do well being checks and/or head counts every 30 minutes.  By failing to do rounds every 30 minutes, the officer failed to protect Plaintiff from an assault and failed to become aware that an assault had taken place.  It was three days later before correctional officers became aware that Plaintiff had been assaulted.  Plaintiff feared informing the gallery officer of the assault and that he was in need of medical attention because he did not want to be labeled as a snitch and feared his cellmate would assault him again.

Plaintiff was taken to the health care unit ("HCU") on February 3, 2021.  He was interviewed by two intel officers and his injuries were photographed.  He was told he would be placed under investigation until further notice.  He was not issued an offender's investigation disciplinary report by the intel officers.  An x-ray revealed a that his jaw was fractured on the left

and right sides.  He was given Tylenol and Ibuprofen for pain.  The next day, Plaintiff spoke with intel officer Ms. Whooley regarding the assault.  Whooley informed Plaintiff that confidential informants had made intel officers aware that Plaintiff and his cellmate were having issues but no action was taken because they did not believe the matter was serious.

Plaintiff was taken to an oral surgeon on February 5, 2021.  His jaw was wired and he was scheduled for surgery on February 17, 2021.  He returned to Menard and was placed in the HCU. On February 8, 2021, Lt. Lee and Sgt. Lindsey told Plaintiff he had to be moved from the HCU due to limited bed space.  Lt. Lee ordered him to cuff up and he was escorted to receiving by Lt. Lee and Sgt. Lindsey.  Plaintiff was taken to segregation on February 9, 2021 for declaring a hunger strike.  Plaintiff's attacker was also in segregation.  While being escorted to a segregation cell, Sgt. Jones walked Plaintiff by his attacker's cell.  Plaintiff felt his safety was threatened.

Plaintiff was taken off investigation status and placed in the population unit on February 12, 2021.  From February 12-16, 2021, John Doe Dietary Supervisor refused to send Plaintiff a medical soft diet food tray even though three correctional officers made calls to dietary regarding his need for a soft diet food tray.

Plaintiff had surgery on February 17, 2021.  Metal plates and screws were placed in the left and right sides of his jaw, braces and wires in his mouth, and stitches on the left side of his jaw. When Plaintiff returned to Menard, he was placed in the HCU where he received adequate treatment.  One week later, he returned to the oral surgeon to have the wires holding his jaw shut removed.  When he returned to the Menard HCU, he still had several wires and metal braces remaining in his mouth.  He was removed from the HCU on March 2, 2021 and placed in a segregation unit cell by Sgt. Lindsey because bed space was needed.  Plaintiff's attacker was housed in the same segregation unit and Plaintiff felt he was in danger.

During COVID-19 testing on March 4, 2021, Plaintiff was escorted by his attacker. Plaintiff felt prison officials were placing him in danger. Warden Wills is responsible for ensuring prison staff follow proper protocols to avoid risk of serious harm to inmates. Because Warden Wills failed to supervise the defendants during their time of negligence, Plaintiff was subjected to physical and psychological torment.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment claim against John Doe Placement Officer, John Doe West House 4 Gallery Office, and John Doe Intel Officer(s) for failure to protect Plaintiff from an assault by his cellmate that occurred on January 31, 2021. |
| Count 2: | Eighth Amendment claim against Lt. Lee and Sgt. Lindsey for exhibiting deliberate indifference to Plaintiff's serious medical needs by removing him from the health care unit. |
| Count 3: | Eighth Amendment claim against John Doe Dietary Supervisor for denying Plaintiff a medical soft diet food tray from February 12-16, 2021. |
| Count 4: | Fourteenth Amendment claim against John Doe Intel Officer(s) for placing Plaintiff in segregation on investigative status without issuing him a disciplinary report. |
| Count 5: | Violations of IDOC and Menard rules, policies, and procedures. |

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### **Preliminary Dismissals**

To state a § 1983 claim against a defendant, Plaintiff must allege that the defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528

4

(7th Cir. 2014).  Plaintiff's claims against IDOC Director Jeffreys and Warden Wills are based on allegations that they are legally responsible for the overall operation of IDOC and Menard, responsible for the welfare of inmates, that they were made aware of "staff conduct" by a grievance, and they have a duty to ensure prison staff follow protocol.  Because Plaintiff's claims against these defendants are not based on any personal conduct or involvement in the alleged unconstitutional conduct, the claims against them cannot proceed.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of respondeat superior does not apply to actions filed under § 1983).  Accordingly, Jeffreys and Wills will be dismissed.

Plaintiff refers to individuals in his statement of claim who are not named as defendants. Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. Therefore, claims against any individuals not identified as defendants in the case caption are dismissed without prejudice.  *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding *pro se* Complaint failed to state a claim against individual mentioned in body of Complaint but not specified in the caption).

Because Plaintiff is no longer incarcerated at Menard (where the events giving rise to this action occurred), his request for injunctive relief will be dismissed as moot.  *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

## Discussion

### Count 1

To state an Eighth Amendment failure to protect claim, a prisoner must allege that he is or was incarcerated under conditions posing a substantial risk of serious harm and the defendant(s)

5

acted with deliberate indifference to his health or safety. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Awareness of a specific, impending, and substantial threat to the plaintiff's safety is necessary to support a failure to protect claim. *Pope v. Shafer,* 86 F.3d 90,92 (7th Cir. 1996).

Plaintiff's allegations that he and his cellmate had "verbal altercations" and that he made a request to the Placement Office "to be moved" do not suggest that John Doe Placement Officer was aware of a specific, impending, and substantial threat to Plaintiff's safety that would support a failure to protect claim. Additionally, Plaintiff's alleged incompatibility with his cellmate based on size does not support a failure to protect claim. Accordingly, the claim against John Doe Placement Officer will be dismissed.

Similarly, the allegation that confidential informants made intel officers aware that Plaintiff and his cellmate "were having issues" does not suggest that any intel officer was aware of a specific, impending, and substantial threat to Plaintiff's safety that would support a failure to protect claim. Accordingly, the claim against John Doe Intel Officer(s) will be dismissed.

With respect to John Doe West House 4 Gallery Officer, Plaintiff alleges that by failing to conduct rounds every thirty minutes, the officer failed to protect him from an assault and failed to become aware that an assault had taken place. There is no factual basis to support a conclusion that the officer's failure to conduct rounds every thirty minutes reflects deliberate indifference to Plaintiff's health or safety. More particularly, there are no allegations to suggest that John Doe West House 4 Gallery Officer was aware of a specific, impending, and substantial threat to Plaintiff's safety and decided not to do anything to prevent that harm from occurring. As such, the claim against John Doe West House 4 Gallery Officer will be dismissed.

Finally, Plaintiff's allegations that while being escorted by correctional officers, they walked past his attacker and that he was placed in the same segregation housing unit as his attacker,

without incident, fails to state a claim.

For these reasons, Count 1 will be dismissed.

## Count 2

Prison officials violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).  To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs.  *Id.*

The allegations in the Complaint do not support a deliberate indifference claim against Lt. Lee and Sgt. Lindsey, who did nothing more than escort Plaintiff from the HCU.  There are no allegations suggesting that they made the decision to remove him from the HCU or that removing him from the HCU put his health or safety at risk.  The claim in Count 2 against Lt. Lee and Sgt. Lindsey will therefore be dismissed.

## Count 3

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment.  *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  The denial of food is not a *per se* violation of the Eighth Amendment and the district court "must assess the amount and duration of the deprivation."  *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir.1999).

Plaintiff's allegations are sufficient to allow the claim in Count 3 to proceed against John Doe Dietary Supervisor.  *Id.* at 856 (denial of all food for three to five days at a time created a genuine issue of material fact as to an inmate's Eighth Amendment claim).  However, Plaintiff may only proceed against John Doe Dietary Supervisor in his individual capacity; the official

capacity claim is dismissed. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005) (claim for monetary damages must be brought against defendant in individual capacity); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (official capacity claim against an individual is really a lawsuit for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity).

### Count 4

To state a Fourteenth Amendment claim, Plaintiff must sufficiently allege that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Here, the allegation that John Doe Intel Officer(s) placed Plaintiff in segregation on investigative status without issuing him a disciplinary report does not implicate a protected interest. *Thomas v. Ramos,* 130 F.3d 754, 761 (7th Cir. 1997) (temporary confinement and investigative status have been determined to be discretionary segregation, and do not implicate a liberty interest). Accordingly, the claim in Count 4 against John Doe Intel Officer(s) will be dismissed.

### Count 5

Plaintiff alleges various violations of IDOC and Menard rules, policies, and procedures. However, § 1983 protects plaintiffs from constitutional violations, not violations of state laws or departmental rules, regulations, policies, or practices. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003); *see also Ashley v. Snyder*, 739 N.E.2d 897, 902 (Ill.App.Ct. 2000) (prison regulations were "never intended to confer rights on inmates or serve as a basis for constitutional claims"). Because Plaintiff cannot use § 1983 to enforce IDOC and Menard rules, policies, and/or procedures, *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010), Count 5 will be dismissed for failure to state a claim.

## Identification of Doe Defendant

The Warden of Menard Correctional Center will be added to the docket, in his/her official capacity only, for purposes of responding to discovery aimed at identifying the Doe Defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the undersigned judge.  Once the name of the Doe Defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant for the Doe Defendant.

## Disposition

The claims in Counts 1, 2, 4, and 5 and Defendants Jeffreys, Wills, Lee, Lindsey, John Doe Intel Officer(s), John Doe Placement Officer, and John Doe West House 4 Gallery Officer are **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** those Defendants.  Additionally, Plaintiff's claim for injunctive relief is **DISMISSED** without prejudice.

The Eighth Amendment claim in Count 3 will proceed against John Doe Dietary Supervisor in his individual capacity, but the official capacity claim is **DISMISSED** with prejudice.  The Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard Correctional Center, official capacity only, to the docket for purposes of responding to discovery aimed at identifying the Doe Defendant.

The Clerk shall prepare for Warden of Menard Correctional Center (official capacity only) and John Doe Dietary Supervisor (when identified and substituted) : (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within

30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendant until such time as Plaintiff has identified the Doe Defendant by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). As the Warden of Menard Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to enter an appearance and will receive further instruction on discovery at a later date. Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  November 4, 2021**

_s/ Staci M. Yandle_
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve the Defendant with a copy of your Complaint.  After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more.  When Defendant has filed an Answer, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**